UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,           CRIM. CASE NO. 12-20667

v.                         PAUL D. BORMAN
                           UNITED STATES DISTRICT JUDGE

FAHED HAMAD,

    Defendant.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. §2255**

## BACKGROUND

Defendant Fahed Hamad was initially indicted on October 11, 2012.

At his initial October 15, 2012 arraignment, Defendant was represented by the Duty Federal Defender.

On October 15, 2012, after Defendant filed an affidavit asserting indigency, the Court pursuant to the Criminal Justice Act, appointed Samuel Churikian, an excellent CJA criminal defense attorney to represent Defendant.

On October 18, 2012, Defendant retained attorney Mohamed Elsharnoby to represent him, thereby terminating Mr. Churikian's representation.

1

On October 25, 2012, the Government filed a first superseding indictment.

On December 20, 2012, the Government filed a second superseding indictment.

On February 5, 2015, Defendant's attorney Mr. Elsharnoby filed a Motion for Withdrawal of Attorney because of "an irreconcilable breakdown in the attorney-client relationship." (ECF #91, PgID 238). On February 14, 2013, the Court granted Counsel Elsharnoby's motion to withdraw as counsel, and after Defendant reasserted indigency, the Court ordered the Federal Defender Office to appoint new CJA counsel. (ECF #95). On February 20, 2013, CJA Counsel Henry Scharg, also an excellent CJA Panel defense attorney, was appointed to represent Defendant. (ECF #97).

On April 5, 2013, Defendant's counsel Henry Scharg filed a Motion to Suppress Evidence. (ECF #111).

On May 5, 2013, the Government filed a third superseding indictment.

On May 14, 2013, Counsel Scharg filed a motion for a Daubert hearing/exclude expert witness, (ECF #132), and a motion in limine to exclude 404(b) evidence, (ECF #133).

On May 16, 2013, the Court denied Defendant's Motion to Suppress. (ECF #136). On May 24, 2013, the Court granted in part and denied in part Defendant's

Motion In Limine. (ECF #157-158).

Defendant was provided a formal plea offer by the Government which Mr. Scharg had discussed with him, and which he rejected.

The case proceeded to jury trial from June 3, 2013 through June 14, 2013.

On June 14, 2013, the jury found Defendant guilty of conspiracy to commit interference with commerce by robbery (Count 1), and conspiracy to possess with intent to distribute multiple controlled substances (Count 5). He was acquitted on Counts 2-4 and 6-10. (ECF #182).

On October 8, 2013, Defendant Hamad was sentenced to 210 months incarceration. (Judgment & Commitment Order, ECF #201).

Defendant filed an appeal to the U.S. Court of Appeals for the Sixth Circuit. The Sixth Circuit issued its opinion on October 3, 2014 (ECF #230) affirming his convictions and sentence. (ECF #230).

On December 15, 2014, Defendant filed the instant Motion to Vacate Sentence pursuant to 28 U.S.C. §2255. (ECF #253).

On December 22, 2015, the Court referred the Motion to Magistrate Judge R. Steven Whalen.

On December 14, 2017, Magistrate Judge Whalen granted Petitioner's Motion to Appoint CJA Counsel for the §2255 proceedings.

3

On July 9, 2018, Magistrate Judge Whalen held an evidentiary hearing on the §2255 Petition. (ECF #299) (Transcript).

On August 22, 2019, Magistrate Judge Whalen issued a Report and Recommendation denying Petitioner's Motion to Vacate Sentence. (ECF #310)

On September 4, 2019, Petitioner's counsel filed an objection to Magistrate Judge's Report and Recommendation. (ECF #311).

## **DISCUSSION**

Defendant's Motion relates to the conduct of his retained attorney Mohamed Ahmed Elsharnoby. As the case progressed in its early stages, Mr. Elsharnoby withdrew. Defendant testified that Mr. Elsharnoby talked to him about an oral plea offer from the government to a sentence of 86 months plus 60 months for the firearm offense, for a total of 146 months.

Mr. Elsharnoby testified at the §2255 evidentiary hearing that he did not receive a plea offer, and that he never had one in his file. The Court credits this testimony that there was no oral plea offer made to Mr. Elsharnoby by the AUSA.

Further, Mr. Elsharnoby was not Defendant's attorney at the motion practice period, the pre-trial plea period, pretrial stages (February 20 - June 3, 2013) and at the trial, June 3-14, 2013. There is no contention by Petitioner that Mr. Scharg failed to properly communicate the formal government plea offer he received to

Defendant prior to trial. What Plaintiff claims is that his allegation of his uncorroborated claim of a plea offer, should entitle him to a re-sentencing, with a 146 month sentence cap.

Thus, Petitioner having criticized his retained attorney Mr. Elsharnoby as totally inept, alleges that Mr. Elsharnoby was competent enough to have informed Petitioner of an undocumented better oral plea offer from the AUSA, that Petitioner never mentioned on the record at his motion proceedings, at his final pretrial, or at his trial proceedings.

Defendant's claim is that "If trial counsel [presumably referring to Mr. Elsharnoby, who was not his trial counsel] rejected the plea offer made by the Government, it was without the authority or knowledge of Mr. Hamad." Petitioner's Objections to Magistrate's Report and Recommendation (ECF #311, PgID 2961 (emphasis added)). But there is no credible evidence that Mr. Elsharnoby had ever received a plea offer from the government that he failed to communicate to Petitioner. Mr. Elsharnoby's testimony was that he does not recall any such plea offer, and that had there been, it would have been in his file.

Defendant's trial attorney Henry Scharg testified that he did receive a formal plea offer with written guideline calculations on behalf of Defendant on April 1, 2013, prior to trial that he communicated to h is client, but Defendant

5

rejected that offer and chose to go to trial. Further, had Defendant informed Mr. Scharg of that alleged early-on non-documented claim of a more favorable plea offer, Mr. Scharg could have raised that with the U.S. Attorney and/or the Court before trial. Contrary to Petitioner's Objections argument (ECF #311, PgID 2963), the District Court would have entertained pretrial, an Ineffective Assistance of Counsel Claim by Mr. Scharg as to Mr. Elsharnoby's pretrial conduct. Allegations regarding pretrial plea offers can be raised pretrial – post trial IAC claims, of which a Defendant was previously unaware prior to trial, are directed to the post trial 28 U.S.C. §2255 procedures.

As Magistrate Judge Whalen noted in his Report and Recommendation (ECF #310), Petitioner testified that he first met Mr. Elsharnoby in the courthouse just before the detention hearing, spoke with him for about five minutes, and then "during the four months before Mr. Scharg was appointed, Mr. Elsharnoby did not visit him in jail or have any telephone communication with him." (R&R, ECF #310, PgID 2944). Further testimony from Petitioner was that when he saw Mr. Elsharnoby in the courthouse lockup before the December status conference, his lawyer "did not discuss anything about police reports, the strength of the evidence mandatory minimum sentences, consecutive sentencing or the sentencing guidelines." Yet, Petitioner alleges that Mr. Elsharnoby did talk to him about an

AUSA oral plea offer – denied by the AUSA – to a sentence of 86 months plus 60 months for the firearm offense, for a total of 146 months, which he would have accepted if he had known what his exposure at trial would have been. (R&R, ECF #310, PgID 2944). Given the record in this case, Petitioner's claim is inherently incredible.

This Court agrees with Magistrate Judge Whalen's conclusion, that Petitioner has not met his burden of showing that in fact a formal plea agreement was offered (R&R, ECF #310, PgID 2948) for the reasons elaborated upon in his excellent R&R, (PgID's 2949-50) and supplemented in this Opinion.

Accordingly, DENIES Petitioner's §2255 Motion to vacate his sentence and also declines to issue a Certificate of Appealability.

SO ORDERED.

DATED: OCT 2 5 2019

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE