UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-3    FAHED IDAN HAMAD,

    Defendant.
_____/

Case No. 12-cr-20667

Hon. Sean F. Cox
United States District Court Judge

## ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO OBTAIN DISCOVERY, P.S.I., DOCKET SHEET, JURY VERDICT, AND SENTENCING TRANSCRIPTS (ECF No. 369)

*Pro se* defendant Fahed Hamad moves the Court to provide him with "Discovery, P.S.I., Docket Sheet, Jury Verdict, [and] Sentencing Transcripts" so that he can "start working on [a successive] 2255 motion." (ECF No. 369, PageID.3341). The Court separately addresses Defendant's requests for discovery, documents on the Court's public docket, and a copy of his presentence investigation report ("PSR").

**I.**   **Discovery**

This Court "may, for good cause, authorize a party to conduct discovery" in § 2255 proceedings. Rules Governing Section 2255 Proceedings for the United States District Courts, at r. 6(a). But Defendant has not yet filed a successive § 2255 motion and does not discuss any claims he would raise in such a motion. As such, Defendant fails to show good cause for discovery.

**II.**   **Transcripts and Other Court Documents**

Defendant may purchase copies of the docket sheet, verdict, and sentencing transcripts in this case on the Court's public docket at https://ecf.mied.uscourts.gov/. To the extent that

1

Defendant seeks such documents *without cost*, he must first file a successive § 2255 motion and apply for *in forma pauperis* status. *See* 28 U.S.C. § 2250. With respect to transcripts, Defendant must additionally show "that the asserted claim 'is not frivolous' and that the transcript is 'needed to decide the issue.'" *United States v. MacCollum*, 426 U.S. 317, 320–21 (1976) (quoting 28 U.S.C. § 753(f)).

Defendant is not entitled to copies of documents on the Court's docket without cost because he has not been granted *in forma pauperis* status in a § 2255 proceeding. Indeed, no such proceeding has begun because Defendant has not yet filed a successive § 2255 motion. Defendant is not entitled to copies of transcripts without cost for the additional reasons that he has not shown that his § 2255 claims are not frivolous and that the transcripts he seeks is needed to decide those claims.

To the extent that the Court has discretion to provide Defendant with copies of documents on its docket without cost, the Court declines to do so at this time. For one thing, "[i]t is not the court's or the Clerk of the Court's responsibility to handle such clerical tasks, essentially operating as an electric storage facility and personal delivery service for Defendant." *United States v. Harris*, No. 15-cr-20077, 2018 WL 10593624, at *1 (E.D. Mich. Oct. 5, 2018). For another, "[i]t is assumed that, absent special circumstances, a man in custody can recall sufficiently the circumstances of a nonfrivolous error to frame an appropriate motion to vacate sentence," and Defendant no special circumstances here. *Lucas v. United States*, 423 F.2d 683, 684 (6th Cir. 1970) (per curiam).

### III.  Presentence Investigation Report

Whether the Court should provide Defendant with a copy of his PSR presents a more complex question. *See, e.g.*, *United States v. Dickinson*, No. 14-cr-00035, 2015 WL 5376460, at *4–5 (S.D. Ohio Sept. 14, 2015). Defendant's PSR is not on the Court's public docket, so he

cannot access the Court's copy unless the Probation Department mails it to him. But Defendant is incarcerated in a federal facility, and the Bureau of Prisons ("BOP") found that inmates had pressured other inmates for copies of their PSRs to discover their financial resources, community affiliations, and whether they had cooperated with the Government. *See* U.S. Dep't of Just., Fed. Bureau of Prisons, OGC No. 1351.05, Program Statement: Release of Information § 513.40a(2)(d)(1) (2002) [hereinafter Release of Information Program Statement], https://www.bop.gov/policy/progstat/1351_005_CN-2.pdf [https://perma.cc/NHK8-2S8N]. As such, BOP prohibits inmates from possessing their PSRs after they are sentenced and treats PSRs received by mail as "contraband." *Id.*

In view of BOP's restrictions, it is questionable whether Defendant would receive a copy of his PSR if the Probation Department mailed him one, and he could immediately incur a disciplinary violation if he did receive it. BOP's rules, however, do not leave Defendant without recourse to access his PSR.

BOP maintains a "central file" for every inmate that includes his or her PSR. U.S. Dep't of Justice, Fed. Bureau of Prisons, CPD/CPB No. 5800.17, Program Statement: Inmate Central File, Privacy Folder, and Parole Mini-Files § 6(g)(1) (Apr. 3, 2015), https://www.bop.gov/policy/progstat/5800_017.pdf [https://perma.cc/49T3-DAY7]. And BOP permits inmates to access their central files, including their PSRs, "in accordance with the Program Statement on Inmate Central File, Privacy Folder, and Parole Mini-Files." *See* Release of Information Program Statement, *supra*. Because BOP provides an avenue for Defendant to access his PSR, the Court shall deny his request for the Court to provide him with a copy of his PSR at this time.

4

## ORDER

It is hereby **ORDERED** that Defendant's Motion to Obtain Discovery (ECF No. 369) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated:  November 20, 2024

s/Sean F. Cox
Sean F. Cox
U. S. District Judge

I hereby certify that on November 20, 2024, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

s/Jennifer McCoy
Case Manager

4