UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Criminal Case No. 12-20667

FAHED HAMAD,                    Sean F. Cox
                                                    United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER DENYING DEFENDANT'S
THIRD MOTION FOR COMPASSIONATE RELEASE (ECF NO. 371)**

In this action, Defendant Fahed Hamad ("Defendant") was convicted of criminal offenses and he is currently serving a lengthy prison sentence. The matter is before the Court on what is now Defendant's third Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. As explained below, the Court shall DENY the motion.

**BACKGROUND**

In this criminal action, Defendant was charged with robbery and related offenses. The action was originally assigned to the Honorable Paul Borman. Defendant proceeded to a jury trial and was convicted of one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and one count of conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846. Judge Borman sentenced Defendant to 210 months of imprisonment.

Defendant filed a direct appeal. The United States Court of Appeals for the Sixth Circuit affirmed. *United States v. Hamad*, 575 F. App'x 660 (6th Cir. 2014).

Thereafter, Walker filed motions seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A), that were denied by Judge Borman.

On March 7, 2025, and acting *pro se*, Defendant filed another Motion for Compassionate Release. (ECF No. 371). In it, Defendant argues that he should be released from prison early because he received an "unusually long sentence," and because he has been rehabilitated and has family support. The Government opposes the motion on the merits.

## ANALYSIS

"Sentence modifications are the exception, not the rule. This is because 'a judgment of conviction that includes a sentence [of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances.'" *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (citations omitted). "One exception to the rule of finality is set forth in what is colloquially known as the 'compassionate release' statute." *Id*.

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020). As summarized by the Sixth Circuit:

> Federal law authorizes a district court to reduce a defendant's sentence if the court finds that (1) "extraordinary and compelling reasons" warrant a reduction, (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) factors, to the extent applicable, support a reduction. *Ruffin*, 978 F.3d at 1003 (quoting § 3582(c)(1)(A)).

*United States v. McKinnie,* 25 F.4th 583, 586 (6th Cir. 2022).  A district court, therefore, must deny a defendant's motion if the defendant fails to show that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction. *Id*. at 954; *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

In the pending motion, Defendant asserts that there are extraordinary and compelling reasons that warrant a sentence reduction.  In so arguing, Defendant relies on U.S.S.G. § 1B1.3(b)(6).  As the Government notes in its "Notice of Supplemental Authority" (ECF No. 374), the Sixth Circuit has found U.S.S.G. § 1B1.3(b)(6) invalid. *See United States v. Bricker*, __ F.4th __, 2025 WL 1166016 (April 22, 2025) (Concluding the "Commission overstepped its authority and issued a policy statement that is plainly unreasonable" and holding "that U.S.S.G. § 1B1.13(b)(6) is invalid.").

In addition, this Court concludes that Defendant has not established that his efforts toward rehabilitation, or the support of his family, constitute extraordinary and compelling circumstances that warrant his release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Compassionate Release (ECF No. 371) is **DENIED.**

**IT IS SO ORDERED.**

Dated:  May 16, 2025         s/Sean F. Cox
                             Sean F. Cox
                             United States District Court Judge

3

I hereby certify that on May 16, 2025, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

                                                  s/Caitlin Shrum
                                                  Case Manager